IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOYCE McGLOTHIN and PAUL McGLOTHIN, | ) ) ) |
| Plaintiffs | ) |
| v. | ) No. 3:05-cv-379 |
| BALLY TOTAL FITNESS CORPORATION, LIFE FITNESS, INC., and BRUNSWICK CORPORATION, | ) ) ) ) ) |
| Defendants | ) |

## MEMORANDUM OPINION

Plaintiffs filed this action for compensatory damages for personal injuries in the Circuit Court of Knox County, Tennessee, on July 1, 2005 [*see* Doc. 1, Ex. A]. On August 3, 2005, defendants Brunswick Corporation and Life Fitness, a division of Brunswick Corporation (incorrectly identified in the complaint as Life Fitness, Inc.), timely filed a notice of removal in this court, *see* 28 U.S.C. § 1446(b),[1] based on the diversity of citizenship of the parties and the amount in controversy exceeding

---

[1] Brunswick represents that it first received a copy of the summons and complaint on or about July 5, 2005; therefore, this notice of removal, filed on August 3, 2005, complies with the thirty day limitation period set forth in this statute.

$75,000. *See* 28 U.S.C. § 1332(a)(1).[2] Additionally, in their notice of removal, these defendants represent that the remaining defendant, Bally Total Fitness Corporation ("Bally"), "has been notified of Brunswick's intent to remove this action and has consented to removal." [*See* Doc. 1, p.3].

This matter is presently before the court on Bally's motion and brief for remand and objection to removal [Doc. 9]. In its motion, Bally contends that it has not consented to the removal of this case from state court and that there was "an apparent misunderstanding [which] occurred prior to the appearance of Bally's counsel in this cause when counsel for the co-defendants believed that Bally consented to removal." [*Id.*, p.1]. The co-defendants have informed the court that they do not intend to respond to Bally's motion so that this matter is now ripe for adjudication.[3]

---

[2] Plaintiffs are citizens of the State of Tennessee; Brunswick Corporation is a Delaware corporation with its principal place of business in Lake Forest, Illinois; Life Fitness, a division of Brunswick Corporation, is a division of Brunswick Corporation with its principal place of business in Schiller Park, Illinois; and Bally Total Fitness Corporation is a Delaware corporation with its principal place of business located in Illinois. Plaintiffs collectively seek compensatory damages in the amount of $350,000. Thus, the requirements of this statute are easily satisfied.

[3] In particular, Erica Taylor Greene, one of the attorneys of record for Life Fitness and Brunswick Corporation, informed Clifford A. Rodgers, law clerk to the undersigned, by telephone on August 25, 2005, as to her clients' position. The court appreciates counsel's sagacity in allowing the court to determine the merits of Bally's motion without further briefing and in expeditiously informing the court of her clients' position.

The law on this issue is well settled. "All defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id.*

Here, Bally has clearly indicated that it does not consent to the removal of this case from state court and is requesting that the case be remanded to state court. Thus, the court has no option except to grant Bally the relief it now seeks. In view of the unusual circumstances surrounding this removal, however, each party shall be required to pay its own costs and actual expenses, including attorney fees, incurred as a result of this removal. *See* 28 U.S.C. § 1447(c).

Order accordingly.

                                       *s/ James H. Jarvis*
                                    UNITED STATES DISTRICT JUDGE